# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————————

No. 05-3599

———————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Araceli Martinez, | * | |
| | * | |
| Appellant. | * | |

———————————

Submitted: March 13, 2006
Filed: May 12, 2006

———————————

Before COLLOTON, HEANEY and GRUENDER, Circuit Judges.

———————————

GRUENDER, Circuit Judge.

Araceli Martinez pled guilty to possession with intent to distribute and aiding and abetting the possession with intent to distribute cocaine base. On appeal, Martinez challenges the determination of the district court[1] that Martinez was competent and the district court's denial of Martinez's motion to recuse. We affirm.

———————————

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

## I. BACKGROUND

Martinez was indicted for possession with intent to distribute and aiding and abetting the possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2. A guilty plea hearing was conducted before a United States Magistrate Judge[2] on December 22, 2003. On January 16, 2004, the district court accepted the guilty plea in accordance with the magistrate judge's report and recommendation. Martinez was released on bond pending sentencing. In June 2004, the district court granted a motion for continuance of the approaching sentencing hearing to allow Martinez's attorney, JoAnne Lilledahl, to obtain a mental health examination of Martinez because Lilledahl was concerned about Martinez's ability to assist in her own defense. Kirk Witherspoon, Ph.D., a clinical and forensic psychologist, interviewed Martinez in July 2004 to assess her current mental status. In August, a warrant was issued for Martinez's arrest for noncompliance with the conditions of her bond.

In January 2005, the magistrate judge granted Martinez's pro se motion for substitution of counsel, noting that Martinez was manipulative and "practiced an amazing amount of deceit since she first entered the system" and that Martinez's deceit made it difficult for Lilledahl to represent her. On February 28, 2005, Martinez filed a motion to withdraw guilty plea based, in part, on her alleged incompetence to plead guilty. The hearing on her motion was scheduled for March 17, but Martinez filed a motion seeking a continuance of the hearing to allow time for Dr. Witherspoon to interview her a second time in order to offer an opinion on her mental competency as of the date of the guilty plea hearing. The district court granted the motion, and Dr. Witherspoon met with Martinez on March 25. On April 5, the magistrate judge

---

[2]The Honorable John A. Jarvey, Chief Magistrate Judge, United States District Court for the Northern District of Iowa.

granted the Government's motion for a competency evaluation of Martinez. Michelle Hoy-Watkins, Psy. D., a clinical and forensic psychologist and contract employee with the United States Bureau of Prisons, conducted the court-ordered psychiatric evaluation and submitted a report to the district court in July.

The district court held the hearing regarding Martinez's motion to withdraw guilty plea on August 9 and 10, 2005 ("August 2005 hearing"). The district court heard from Martinez's initial defense attorney, Lilledahl, as well as the two psychologists who evaluated Martinez. Due to Lilledahl's concerns about the attorney-client privilege, Lilledahl testified only as to her standard practices in representing criminal defendants. Lilledahl stated that if she thought a defendant was under the influence of an illegal substance during a plea hearing, she would alert the court that there was a problem with the proceeding. Lilledahl confirmed that she did not alert the court in Martinez's plea hearing or file an objection to the magistrate judge's report and recommendation that Martinez's guilty plea be accepted.

Dr. Witherspoon testified that he met with Martinez for two hours in July 2004 and for two and a half hours in March 2005. Dr. Witherspoon found that Martinez understood the criminal charge and the possible penalties and generally comprehended the legal system. He testified that depression is common among defendants facing extended incarceration and that Martinez suffered from "a major depressive disorder with extreme anxiety, which chances are is a product itself of posttraumatic stress, substance abuse tendencies, underlying personality disorder." Dr. Witherspoon also found that Martinez had a "tendency to be untruthful on numerous occasions" and "may well have grown manipulative and deceitful to survive in a hostile and abusive environment." Dr. Witherspoon opined that Martinez had been incompetent to plead guilty on December 22, 2003, and was incompetent at the current time.

Dr. Hoy-Watkins testified telephonically that as part of the court-ordered evaluation process of Martinez, she spoke with the prosecutor and current defense counsel, reviewed the records from the case, and conducted three different types of testing during her meetings with Martinez. Dr. Hoy-Watkins met weekly with Martinez during the 30-day evaluation period for a total of more than four hours. Dr. Hoy-Watkins opined that Martinez was feigning severe psychological symptoms. She also found Martinez to be manipulative and deceitful based on the court records and inconsistencies in the information Martinez supplied to others and to Dr. Hoy-Watkins. Dr. Hoy-Watkins concluded that Martinez had been competent at the time of her guilty plea and was competent at present.

Martinez filed a motion to recuse on September 2, 2005, asking Judge Reade to recuse herself from the sentencing because of the appearance of partiality due to Judge Reade's law clerk, Teresa Baumann. Baumann served as the courtroom deputy during the August 2005 hearing because the district court did not have a courtroom deputy at that time as a result of a change in personnel. In her former position as Special Assistant United States Attorney, Baumann had initiated the prosecution against Martinez in October 2003. Baumann made no appearances in Martinez's case after December 8, 2003, when an Assistant United States Attorney replaced Baumann in the case.

On September 7, 2005, the district court issued an order denying Martinez's motion to withdraw her guilty plea and an order denying Martinez's motion to recuse. Following a sentencing hearing on September 7 and 16, the district court sentenced Martinez to 168 months of imprisonment and 5 years of supervised release. Martinez appeals the district court's determination that Martinez was competent when she pled guilty and at subsequent court proceedings and the district court's decision not to recuse.

## II.    DISCUSSION

### A.    Competency

We first address Martinez's argument that the district court erred in holding that Martinez was competent to enter a guilty plea on December 22, 2003, and proceed with sentencing.  The district court's finding that a defendant is competent is reviewed for clear error.  *United States v. Robinson*, 253 F.3d 1065, 1068 (8th Cir. 2001).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. Perry*, 437 F.3d 782, 786 (8th Cir. 2006) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

Due process prohibits a defendant who is mentally incompetent from making a valid guilty plea, *United States v. Premachandra*, 32 F.3d 346, 347 (8th Cir. 1994), and from being convicted, *United States v. Jimenez-Villasenor*, 270 F.3d 554, 559 (8th Cir. 2001).  A defendant is competent if she possesses a "sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings."  *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam); *Godinez v. Moran*, 509 U.S. 389, 398 (1993) (holding that the *Dusky* standard for competency to stand trial applies equally to competency to plead guilty).

In determining the defendant's competency, the "district court may consider 'numerous factors, including expert medical opinions and the court's observation of the defendant's demeanor.'"  *United States v. Denton*, 434 F.3d 1104, 1112 (8th Cir. 2006) (quoting *Robinson*, 253 F.3d at 1067).  The district court concluded that

Martinez was competent after considering the expert medical opinions of the two psychologists, the transcript of the plea hearing on December 22, 2003, and the court's independent observations of Martinez in the courtroom during the August 2005 hearing.

Contrary to the contention of Martinez, the district court did not clearly err in crediting the opinion of Dr. Hoy-Watkins over that of Dr. Witherspoon. With respect to Martinez's competency to enter the guilty plea, the district court explained that Dr. Witherspoon evaluated Martinez's current mental state and extrapolated backward to December 2003. The district court found the approach of Dr. Hoy-Watkins to be more reasonable because not only did Dr. Hoy-Watkins consider her observations of Martinez during their meetings and the results of the tests she administered to Martinez, but she also carefully examined the December 22 plea transcript in arriving at the opinion that Martinez was competent to plead guilty. Similarly, the district court credited the opinion of Dr. Hoy-Watkins that Martinez currently was competent for sentencing. Based on her testing of Martinez, Dr. Hoy-Watkins found that there was minimal to no impairment in Martinez's logical reasoning or her ability to assist counsel and appreciate her legal situation. The district court's reliance on one of two competing competency opinions given by qualified experts was not clearly erroneous. *See United States v. Ameri*, 412 F.3d 893, 899 (8th Cir. 2005); *see also United States v. Tucker*, 243 F.3d 499, 506 (8th Cir. 2001) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quoting *Anderson*, 470 U.S. at 574)). Moreover, even Dr. Witherspoon testified that Martinez generally understood her legal situation and the criminal justice system.

The district court also found that nothing occurred during the December 22, 2003, change of plea hearing to suggest that Martinez was not competent to enter a guilty plea. Martinez argues that her hesitation in answering several questions asked by the magistrate judge during the hearing evidences her incompetency. However,

each time the magistrate judge indicated that Martinez hesitated, he repeated the question to ensure that Martinez understood the terms of the plea agreement and the consequences of pleading guilty. Martinez responded appropriately to indicate that she understood, and she did not ask any questions of the magistrate judge. Furthermore, the magistrate judge found at the change of plea hearing that Martinez was fully competent to enter the guilty plea.

Finally, the district court considered its own observations of the defendant, which can be as probative on the issue of competency as the testimony of a medical expert. *See Jimenez-Villasenor*, 270 F.3d at 561. The court noted that Martinez exhibited no unusual behavior at the August 2005 hearing. To the contrary, she was relaxed, pleasant and smiling. She was responsive to the brief questioning by her attorney and the prosecutor during the hearing. The district court also explained that when the courtroom deputy inadvertently dialed a wrong number when attempting to call Dr. Hoy-Watkins for her telephonic testimony, Martinez laughed along with others in the courtroom.

The district court explained in summary that Martinez's attempts to portray herself as incompetent were part of her "continuing pattern of dishonest and deceitful behavior in order to avoid a prison sentence." In light of the record viewed in its entirety, the district court's finding that Martinez was competent to enter her guilty plea and be sentenced is not clearly erroneous.

## B.    Recusal

We next address Martinez's contention that the district court erred in denying the motion to recuse because Baumann's service as courtroom deputy at the August 2005 hearing created an appearance of partiality. We review the denial of a motion

to recuse for an abuse of discretion. *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (en banc). Under 28 U.S.C. § 455(a), a judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." Section 455(a) provides an objective standard of reasonableness. *United States v. Poludniak*, 657 F.2d 948, 954 (8th Cir. 1981). The issue is "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Moran*, 296 F.3d at 648 (quoting *In re Kan. Pub. Employees Retirement Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996)); *see also Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (stating that "disqualification is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown" (quoting *United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir. 1996))). Because a judge is presumed to be impartial, a party seeking recusal bears the substantial burden of proving otherwise. *Denton*, 434 F.3d at 1111.

In 2003, Baumann had presented Martinez's case to the grand jury, signed the indictment, represented the United States in the early pretrial phase of the prosecution, and cross-examined Martinez at a suppression hearing. When Judge Reade hired Baumann as a law clerk in July 2005, she assigned Baumann to work exclusively on the civil docket and immediately screened her from the criminal docket. In denying the motion to recuse, the district court explained that Baumann "has not and will not have any involvement whatsoever with the undersigned's decisions in the case." The mere presence of Baumann in the chambers of the district court judge does not give rise to a reasonable question of impartiality. *See Trammel v. Simmons First Bank of Searcy*, 345 F.3d 611, 612-13 (8th Cir. 2003) (holding that the district court did not abuse its discretion in refusing to recuse where the district judge informed the parties that her law clerk, who was a friend of a party in the case, had no involvement with the court's handling of the case). The district court asked Baumann to undertake the duties of courtroom deputy for the August 2005 hearing

due to a staff shortage. Baumann served only ministerial functions in the courtroom during the two-day hearing, including filling water jugs for counsel, placing phone calls to interpreters and completing minute sheets for the proceedings. An average observer who was informed of all the facts of Martinez's case, including that Baumann was screened from the case and performed only ministerial duties at the hearing, would not reasonably question Judge Reade's impartiality. We hold that the district court did not abuse its discretion in denying the motion to recuse.

## III. CONCLUSION

For the above reasons, we affirm the judgment of the district court.

_____