# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2695

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Nealia Reeves, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 9, 2009
Filed: May 27, 2009

_____

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Nealia Reeves pleaded guilty to one count of conspiracy to distribute oxycodone, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and was sentenced to thirty-six months' imprisonment and three years' supervised release. Reeves appeals, arguing that her right to due process was violated when the district court[1] failed to *sua sponte* order a competency hearing. We affirm.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Reeves suffers from a number of physical ailments and reportedly takes ten to twelve medications per day, including pain killers.[2] She has been disabled since 1989 and has been diagnosed with cerebral palsy, asthma, arthritis, carpal tunnel syndrome, and schizo-effective disorder. Reeves also suffers from degenerative spinal issues. Reeves has been hospitalized three times for mental health issues. She takes several medications to stabilize her physical and mental conditions.

Reeves was charged with conspiracy to possess with intent to distribute oxycodone. According to the government, she borrowed money from a codefendant and paid him back with oxycodone pills. The number of pills Reeves provided is disputed, but she admitted that she sold oxycodone.

During the change of plea hearing, the magistrate judge[3] asked Reeves about her physical and mental health, her hospitalizations related to her mental health, and her medications. When asked whether she was "thinking clearly, clearly enough to make important decisions in [her] life," Reeves answered yes. The magistrate judge then found Reeves competent: "Let the record reflect I've observed the demeanor and the conduct of Miss Reeves at this hearing and I find that she is competent, competent to proceed." Reeves's attorney stated that he had explained the petition to enter a plea of guilty to her and had answered her questions regarding the petition. Later in the hearing, the magistrate judge found that Reeves was competent to plead guilty and that she understood the nature of the charge against her and the possible penalties. The magistrate judge recommended that the district court accept Reeves's guilty plea.

---

[2]Information related to Reeves's medical history was taken from the parties' briefs, the change of plea transcript, and the sentencing transcript.

[3]The Honorable F.A. Gossett, United States Magistrate Judge for the District of Nebraska.

The district court accepted Reeves's guilty plea and adjudged her guilty. After calculating Reeves's guidelines sentence of forty-six to fifty-seven months' imprisonment, the district court departed downward to thirty-six months' imprisonment, "in part due to the defendant's serious health issues, both her need for medical care and mental health care and what may be a somewhat diminished capacity as far as her involvement in this crime was concerned." Reeves appeals from her conviction, arguing that her Fifth Amendment right to due process was violated when the district court observed her diminished capacity but nonetheless proceeded to sentence her without conducting a competency hearing.

"Due process prohibits a defendant who is mentally incompetent from making a valid guilty plea and from being convicted." United States v. Martinez, 446 F.3d 878, 881 (8th Cir. 2006) (internal citations omitted). To be competent, a defendant must possess a "sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding" and have "a rational as well as factual understanding of the proceedings against [her]." Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam); see also Godinez v. Moran, 509 U.S. 389, 398-99 (1993) (holding that the standard for competency to stand trial applies equally to competency to plead guilty).

Absent some indication to the contrary, trial judges are entitled to presume that a defendant is competent. United States v. Day, 949 F.2d 973, 982 (8th Cir. 1991); Weisberg v. Minnesota, 29 F.3d 1271, 1276 (8th Cir. 1996). If sufficient doubt is raised as to the defendant's competency, the trial court must order a competency hearing. Day, 949 F.2d at 981-82; Weisberg, 29 F.3d at 1276. Trial courts should consider facts and circumstances such as evidence of irrational behavior, the defendant's demeanor, available medical evaluations, and whether counsel questioned the defendant's competency before the court. Day, 949 F.2d at 982; Weisberg, 29 F.3d at 1276. To mount a successful due process challenge, the defendant must make "a showing that the trial judge failed to see the need for a competency hearing when,

based on the facts and circumstances known to [the judge] at the time, [the judge] should have seen such a need." Day, 949 F.2d at 982.

Reeves contends that the district judge should have ordered a competency hearing after noting that Reeves had "a somewhat diminished capacity as far as her involvement in this crime was concerned." It is unclear whether the district court's statement related to Reeves's mental capacity or to her role in the conspiracy. Even assuming that the statement referred to her mental capacity, Reeves has failed to show that the district judge should have seen the need for a competency hearing. The record reflects that Reeves was able to consult with her lawyer and that she understood that she had pleaded guilty to and was being sentenced for selling oxycodone. There is no indication that Reeves acted irrationally, and she was responsive and respectful to the court. The magistrate judge specifically found Reeves competent after observing her demeanor and conduct, and Reeves's attorney raised no question about her competence. Reeves's previous hospitalizations for mental health concerns occurred years before her sentencing, and nothing in the record shows that she was incompetent to plead guilty or be sentenced.

The judgment is affirmed.

_____