640 F.3d 869 (2011)
In re Complaint of John DOE.[1]
JCP No. 08-11-90009.
Judicial Council of the Eighth Circuit.
March 30, 2011.
*871 WILLIAM JAY RILEY, Chief Judge.

I. INTRODUCTION
This is an amended judicial complaint filed by a civil litigant on February 17, 2011, against the United States district judge who dismissed his lawsuit.[2] The complaint specifies three instances of alleged misconduct, which I consider in turn.

II. ANALYSIS

A. Conflict of Interest
First, the complainant says there was an "improper relationship/conflict of interest" between the district judge's law clerk and the defendants' law firm. The complainant asserts the district judge was required to disclose this relationship/purported conflict of interest to the complainant before dismissing his lawsuit. Complainant believes the district judge should have recused herself
The propriety of the district judge's failure to recuse, along with any subsidiary merits-related questions, may not be relitigated here. See Judicial Conference of the United States (J.C.U.S.) Rule 3(h)(3) ("An allegation that calls into question the correctness of ... a failure to recuse, without more, is merits-related."). These allegations must be dismissed because they are directly related to the merits of the judge's decision or procedural rulings and are therefore not proper subjects of a judicial complaint. See id. The complainant's proper remedy is to seek relief from the Eighth Circuit Court of Appeals or the Supreme Court of the United States. It appears complainant abandoned any right to appeal.
Assuming any impropriety on the part of the law clerk could be imputed to the district judge,[3] the complainant does not offer any evidence of improper relationship or conflict of interest. A review of the district court record reveals the law clerk left the defendants' law firm approximately ten years before the filing and dismissal of complainant's case, and there is no evidence the law clerk worked on any matter relating to the complainant while a member of the firm. Cf. United States v. MaHinez, 446 F.3d 878, 883 (8th Cir.2006) (declaring, "The mere presence of [the law clerk] in the chambers of the district court judge does not give rise to a reasonable question of impartiality.").[4]

*872 B. Plagiarism
Second, the complainant alleges the district judge plagiarized the defendants' briefs when drafting the order dismissing the complainant's lawsuit. For example, the complainant estimates "[t]he Court plagiarized approximately 55% of Defendant's [brief] ... (approximately 65% if you omit the regurgitation of the facts)." The complainant criticizes many other aspects of the subject order, including allegedly erroneous legal citations and improper paraphrasing. The complainant received rulings on such allegations from the district judge in a second post-judgment order. But cf. Bradley v. Md. Cas. Co., 382 F.2d 415, 422-24 (8th Cir.1967) (treating a similar argument as a due process claim). These allegations must be dismissed because they are directly related to the merits of the judge's decision or procedural rulings and are therefore not proper subjects of a judicial complaint. See 28 U.S.C. § 352(b)(1)(A)(ii); J.C.U.S. Rule 11(c)(1)(B). To the extent complainant's allegations may not be merits-related, I briefly address the charges.
Complainant accurately identifies many similarities between the defendants' briefs and the district judge's order. Lawyers craft briefs for the express purpose of aiding the judge in making her decision, and the district judge is entitled to borrow from those briefs as she may see fit. Judges must be granted considerable leeway in the drafting of orders.
The subject judge apparently treated the parties' briefs as proposed findings of fact and conclusions of law. In doing so, a district judge reflects the historic practice of a judge asking the prevailing party to prepare proposed findings of fact and conclusions of law and even the order itself. See also Fed.R.Civ.P. 52(a). As future Justice Blackmun wrote for this court long ago:
This court ... has refused to disapprove of the practice of having proposed findings and conclusions prepared by prevailing counsel without notice to the other side. We ... noted that the practice is common and conventional in many jurisdictions and that the trial judge assumes full responsibility for the findings made or adopted.
[The Supreme Court has] concluded that such findings though not the product of the workings of the district judge's mind, are formally his; they are not to be rejected out-of-hand, and they will stand if supported by evidence.
....
This practice has been severely criticized as the failure of the trial judge to perform his judicial function and when it occurs without notice to the opposing side ... it amounts to a denial of due process.
....
We venture to suggest that if, because of prevailing custom, or pressure of work, or a case's technical nature, or for other reasons, counsel must be asked to assist in the preparation of findings and conclusions, it is better practice to make this request at or soon after the submission of the case and prior to decision and to make it of both sides. Then the court may pick and choose and temper and select those portions which better fit its own concept of the case.
Bradley, 382 F.2d at 423-24 (citations and internal marks omitted).[5]
*873 The district judge here did not contact the defendants' lawyers ex parte to draft the order. The district judge relied, in part, on the defendants' briefs, albeit often in verbatim fashion and without attribution. Such judicial appropriation is not judicial misconduct. The dismissal order here is detailed, careful, thorough, and balanced in tone. This portion of the complaint must, therefore, be dismissed as "lacking sufficient evidence to raise an inference that misconduct has occurred." 28 U.S.C. § 352(b)(1)(A)(iii); see J.C.U.S. Rule 11(c)(1)(C), and (D).
Complainant's criticism of the district judge's citations and sources for her opinion is merits-related. Relief must be sought in an appeal, not in a judicial complaint.

C. Conspiracy
Third, the complainant speculates "[o]fficers of the Court, including the judge, law clerk and defendants attorneys [sic] allegedly conspired to keep information secret, fabricate evidence, and perjure themselves." Although allegations of judicial bias, collusion with a party, or other improper motive are not necessarily merits-related, such allegations must be dismissed as merits-related when the only support for the allegation of bad acts or motive is the merits of the judge's rulings, which it is in this case. See J.C.U.S. Rule 3(h)(3)(A). This judicial complaint process applies only to judges and not to other court officers, employees, or attorneys. See 28 U.S.C. § 351(a), (d); J.C.U.S. Rule 4.

III. CONCLUSION
The complaint is dismissed.
NOTES
[1] Under Rule 4(0(1) of the Eighth Circuit Rules Governing Complaints of Judicial Misconduct and Disability, the names of the complainant and the judicial officer complained against are to remain confidential, except in special circumstances not here present.
[2] The complainant originally filed a complaint on February 3, 2011. The amended complaint elaborates on the allegations in the original complaint. The allegations in the amended complaint repeat a series of postjudgment motions that the complainant filed in the district court. The district judge denied all of the complainant's post-judgment motions in a summary order.
[3] The judicial complaint procedure is limited to United States judges and does not apply to other officials who work for the federal courts, including judicial clerks. See 28 U.S.C. § 351(a), (d); J.C.U.S. Rule 4.
[4] Complainant relies on Google searches and "currently accessible [information] on the World Wide Web." Such information often is unreliable and not current.
[5] The First Circuit Court of Appeals has observed,

[A] clash of interests must be recognized to exist between efficient administration that leads hard pressed judges to turn to counsel for help and the undeniable right of losing counsel to be assured that his position has been thoroughly considered. The court's findings must ultimately represent the judge's own determination. The independence of the court's thought process may be cast in doubt when the findings proposed by one of the parties winds up as the court's opinion and the courts have not looked with favor upon the practice. The district court's action in this case does not in any way alter its deserved reputation for conscientiousness. We suspect no abandonment of judicial responsibility. At the same time we have a concern that as a matter of general practice in all courts within our jurisdiction the appearance reflects the actuality.
In re Las Colinas, Inc., 426 F.2d 1005, 1008-09 (1st Cir.1970) (citations and footnotes omitted). No evidence in this record, or reasonable inference drawn from this record, suggests the district judge abandoned her independent judgment. See Fed.R.Civ.P. 52(a).