# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1568

_____

United States of America

*Plaintiff - Appellee*

v.

Bernard Brandon Mims, also known as Lil B

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 24, 2019
Filed: October 29, 2019
[Unpublished]

_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Bernard Brandon Mims pleaded guilty to a drug-conspiracy offense, 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and the district court[1] imposed the

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

statutory-minimum sentence of 120 months in prison. In an *Anders* brief, Mims's counsel raises his client's competency at the plea-entry stage as an issue for us to review on appeal and requests permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967).

We conclude that the district court did not clearly err when it found that Mims was competent to plead guilty. *See United States v. Martinez*, 446 F.3d 878, 881 (8th Cir. 2006) (applying the clear-error standard of review and explaining that a defendant is competent to plead guilty if he or she has "a reasonable degree of rational understanding" when consulting with counsel and has "a rational [and] factual understanding of the proceedings"); *United States v. Denton*, 434 F.3d 1104, 1112–13 (8th Cir. 2006) (affording "significant weight" to defense counsel's opinion about defendant's competency). Nor did the court abuse its discretion in declining to order a competency evaluation or hearing. *See United States v. Washington*, 596 F.3d 926, 941 (8th Cir. 2010) (concluding that no further inquiry was necessary when the parties never raised doubts about the defendant's competency and the court found that the defendant was competent after having had a chance to observe him).

We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and conclude that there are no non-frivolous issues for appeal. Accordingly, we affirm the judgment and grant counsel permission to withdraw.

_____