# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2583
_____

United States of America

*Plaintiff - Appellee*

v.

Dontay Lavarice Reese

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: April 7, 2020
Filed: April 10, 2020
[Unpublished]
_____

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Dontay Lavarice Reese appeals after he pled guilty to kidnapping, pursuant to a binding plea agreement containing an appeal waiver, and the district court[1] accepted

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

his guilty plea and the plea agreement. Counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that Reese should not have been permitted to proceed pro se, and should have been permitted to withdraw his guilty plea. Having jurisdiction under 28 U.S.C. § 1291, this court dismisses the appeal in part based on the appeal waiver, and otherwise affirms.

This court rejects Reese's claim that the district court erred in permitting him to proceed pro se because the record shows he knowingly and voluntarily waived his right to counsel. *See United States v. Armstrong*, 554 F.3d 1159, 1165 (8th Cir. 2009) (waiver of Sixth Amendment right to counsel must be voluntary, intelligent, and knowing). This court declines to consider Reese's ineffective-assistance claim on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are best litigated in collateral proceedings, where record can be properly developed).

To the extent Reese challenges the voluntariness of his guilty plea, the court concludes his claims lack merit. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver). Reese confirmed at the plea hearing that he was satisfied with counsel; he agreed that the factual basis set forth in the plea agreement was true; and he confirmed that he understood the terms of the plea agreement, including the appeal waiver. Additionally, the record shows he was competent to plead guilty, because he underwent a psychological evaluation and was found to be competent to stand trial; and, during the plea hearing, Reese stated he was thinking clearly, he understood the court's questions, and defense counsel indicated he believed Reese was competent to enter a plea. *See United States v. Martinez*, 446 F.3d 878, 881 (8th Cir. 2006) (explaining that defendant is competent to enter guilty plea if he is able to consult with his lawyer with reasonable degree of rational understanding and has rational and factual understanding of proceedings); *United States v. Denton*, 434 F.3d 1104, 1112-13 (8th Cir. 2006) (affording defense counsel's opinion as to defendant's

competency "significant weight," as counsel is in a position to evaluate defendant's ability to understand proceedings); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity).

Reese's assertion that he did not know that a kidnapping conviction might trigger a probation violation is not cognizable in this appeal. *See United States v. Foy*, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (to extent defendant presents argument to establish his plea was unknowing or involuntary, such claim would not be cognizable on direct appeal where he failed to move in district court to withdraw his guilty plea on that basis). This court concludes the appeal waiver is enforceable as to the remaining arguments. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice).

This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and found no non-frivolous issues outside the scope of the appeal waiver.

The appeal is dismissed in part, and the judgment is affirmed. Counsel's request to withdraw is granted.

_____