

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-94,237-01

### EX PARTE MICHAEL DAVID LEWIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR30418-A IN THE 238TH DISTRICT COURT
### FROM MIDLAND COUNTY

**KELLER, P.J., filed a dissenting opinion in which YEARY and KEEL, JJ., joined.**

### DISSENTING OPINION

The Court commits an unforced error in this case, and in doing so unnecessarily jeopardizes thousands of convictions out of Midland County that were obtained over a period of around nineteen years.[1] Regrettably, the Court hazes over crucial facts, cites to cases that are factually and legally distinct from this case, and fails to cite a single pertinent due process case to support its decision. The concurring opinion, though justified in its disapproval of what happened here, cites as fact

---

[1] *See, e.g.,* District Courts: Activity by County Summary, September 1, 2016 to August 31, 2017, p. 5, "criminal cases" column for Midland County (showing 2,765 disposed cases), on internet at https://www.txcourts.gov/media/1440656/3-district-activity-summary-by-county.pdf .

allegations in a motion upon which this Court has not acted and cites to an unpublished opinion of this Court. To be sure, the situation in this case is unfortunate. And admittedly, there are no on-point cases for the Court to cite. But under the law and cases that I can find, Applicant has not established a denial of due process.

## I. BACKGROUND

Applicant was convicted of the capital murder of a nine-month old child and sentenced to life in prison without parole. In this, his first and only post-conviction habeas application, he alleges, among other things, that he was denied a fair and impartial judge at trial. The habeas court recommended that relief be denied.

Ralph Petty worked for the Midland County District Attorney's Office as a prosecutor between 2002 and 2019. During Applicant's capital murder case in 2005, Petty represented the State in at least two contested hearings. Judge John Hyde presided over Applicant's trial.

Petty was also paid by Judge Hyde and other Midland County district court judges for legal work he performed on the side for them on post-conviction habeas cases from 2001 through 2014, as well as in 2017 and 2018.

Applicant filed this habeas application, alleging that at his trial he was denied a fair and impartial judge. Judge Ana Estevez was appointed to preside over the habeas proceeding.[2] Judge Estevez requested responses from the parties on the question of whether Petty had worked for Judge Hyde on a habeas application from Applicant. The judge sent

---

[2] Besides being a district judge, she is also the Regional Presiding Judge for the Ninth Administrative Judicial Region.

the following request to the parties:

> Thank you for your supplemental response. I did not see a record reference to Petty being paid for legal work in connection with Applicant's post-conviction application for writ of habeas corpus. If there is no evidence that Petty actually drafted the order denying Applicant's 11.07 writ application, I would like the state to include a harm analysis in its response. If there is evidence of Petty actually working for the court on drafting the order recommending denial of a writ application, please include the record reference in your proposed findings. Thank you.

After receiving responses, Judge Estevez recommended denying relief because Petty never worked for the judge on a habeas application for Applicant. In fact, Applicant had never even filed a habeas application so there was no occasion for Petty to have worked on one.

Judge Estevez found that "The Midland County District Attorney knew of Petty's work for Midland County judges in *unrelated* cases and failed to disclose it."[3] But she also explicitly found that, "Petty never worked nor billed on a post-conviction writ of habeas corpus on Applicant's case." No one has suggested that Petty worked for the trial judge on any stage of Applicant's case, either at trial or on habeas.

## II. ANALYSIS

Applicant's sole claim regarding the Petty issue is a conflict of interest claim alleging that he was denied "a fair and impartial judge." Whether a judge is deemed biased for due-process purposes based on a conflict of interest depends on whether "as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for

---

[3] Emphasis added.

bias."[4] "[A]n unconstitutional potential for bias exists when the same person serves as both accuser and adjudicator in a case."[5] Here, though, the judge did not serve dual roles as prosecutor and judge. Rather, a person who worked as a prosecutor also worked for the judge.

Several cases involving law clerks hold that a judge need not recuse himself because of a law clerk's participation in the case as a prosecutor, or relationship to a prosecutor in the case, as long as the law clerk is screened off from working on the case for the judge.[6] Petty did not work for the judge on Applicant's case, and Applicant has not shown that Petty's work for the judge on other cases created a risk of bias on the part of the judge in violation of due process.

The Court cites *Metts v. State*[7] for the proposition that a judge can be "disqualified" due to an "appearance of impropriety." But *Metts* is inapt for two reasons. First, the legal basis of the claim there differs from the claim here. *Metts* concerned the judicial "disqualification" provisions in the Texas Constitution and the Code of Criminal Procedure.[8] No one has alleged that Judge Hyde

---

[4] *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016) (internal quotation marks omitted).

[5] *Id.*

[6] *United States v. Martinez*, 446 F.3d 878, (8th Cir. 2006) (prosecutor who had presented the defendant's case to the grand jury, signed the indictment, represented the United States in the early pretrial phase of the prosecution, and cross-examined the defendant at a suppression hearing became a law clerk for the trial judge but assigned to work exclusively on the civil docket and immediately screened from the criminal docket); *United States v. DeTemple*, 162 F.3d 279, 286 n.2 (4th Cir. 1998) (law clerk married to prosecutor but judge took pains to see that law clerk did not work on the defendant's case); *Mathis v. Huff & Puff Trucking*, 787 F.3d 1297, 1313 (10th Cir. 2015) ("as soon as the law clerk became aware of her husband's situation, she informed the judge, who screened her from substantive work on the case") (citing *DeTemple*);

[7] 510 S.W.3d 1 (Tex. Crim. App. 2016).

[8] *Id.* at 4.

was constitutionally or statutorily disqualified.  Second, the facts are different in *Metts*.  There, a prosecutor signed the State's consent to waive a jury.[9]  Metts was later placed on deferred adjudication, and he was eventually adjudicated.[10]  After the fact, it was discovered that the judge at the adjudication hearing was the former prosecutor who had signed the jury waiver.[11]  But Judge Hyde was never himself counsel for the State in this case, so *Metts* is not on point.[12]

For the same reason, the Supreme Court cases cited by the Court are not on point.  *In re Murchison* involved a judge who acted as a "one-man grand jury" in accordance with Michigan law and subsequently presided over a contempt proceeding arising out of conduct occurring in the prior one-man-grand-jury proceeding.[13]  In *Tumey v. Ohio*, a mayor who acted as judge was paid from court fees if the defendant was convicted.[14]  *Offutt v. United States* involved a judge who found an attorney in criminal contempt for proceedings had before that judge.[15]  None of these cases involved dual roles by a judge's law clerk.

And while the Court characterizes Petty as the judge's "paid judicial law clerk," the habeas court's findings indicate that Petty never worked for the judge at all on any aspect of Appellant's

---

[9]  *Id.* at 2.

[10]  *Id.* at 3.

[11]  *Id.*

[12]  *See id.* (describing the constitutional and statutory provisions respectively as stating that a judge is disqualified if he has "been counsel in the case" or "has been of counsel for the State or the accused").

[13]  349 U.S. 133, 134 (1955).

[14]  273 U.S. 510, 531-32 (1927).

[15]  348 U.S. 11, 12 (1954).

case, and they further suggest that Petty only ever worked for the judges on post-conviction habeas cases, effectively screening him from any pending prosecutions.

Because Applicant has failed to establish a due process violation, I respectfully dissent.

Filed: May 8, 2024

Publish