# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3229

_____

United States of America,      *
     *
        Appellee,      *    Appeal from the United States
     *    District Court for the
    v.      *    Eastern District of Arkansas.
     *
Terry L. Sanders,      *      [UNPUBLISHED]
     *
        Appellant.      *

_____

Submitted: March 23, 2010
Filed: April 6, 2010

_____

Before RILEY,[1] Chief Judge, BYE and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Terry Sanders directly appeals after he was convicted and sentenced in the district court[2] upon his guilty plea to intentionally conveying false and misleading information that he was involved with and had knowledge of an international terrorist plot to poison the food supply in the United States, in violation of 18 U.S.C. § 1038(a)(1). His counsel has moved for permission to withdraw, and has filed a brief

_____

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

[2]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

under <u>Anders v. California</u>, 386 U.S. 738 (1967), questioning the district court's finding that Sanders was competent to enter his guilty plea and suggesting that the court should have ordered a competency hearing because Sanders had a history of mental illness. In a pro se supplemental brief, Sanders argues that his counsel was ineffective. Sanders has also filed a motion requesting that his attorney be ordered to provide him with certain documents.

We conclude that the district court committed no error in finding Sanders competent to enter his guilty plea. At the change-of-plea hearing, Sanders was responsive and engaged when the court addressed him, and he indicated that he was not under the influence of drugs or medication. At his sentencing hearing, Sanders confirmed that he was satisfied with his counsel and saw no reason to withdraw his guilty plea. <u>See</u> <u>United States v. Rollins</u>, 552 F.3d 739, 741-42 (8th Cir. 2009) (even if suffering from disease, defendant's plea is valid if record demonstrates he understood charge against him, was not dissatisfied with services rendered by his attorney, and entered his plea knowingly and voluntarily); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (one important way district court can ensure plea agreement is knowing and voluntary is to question defendant properly about decision to enter agreement); <u>see also</u> <u>United States v. Murphy</u>, 572 F.3d 563, 569 (8th Cir. 2009) (district court's finding of defendant's competence reviewed for clear error); <u>United States v. Day</u>, 949 F.2d 973, 982 (8th Cir. 1991) (absent some contrary indication, trial judges are entitled to presume that defendants are competent). We also conclude that the district court committed no procedural or substantive error in sentencing Sanders. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standards for reviewing sentence).

As to Sanders's ineffective-assistance claim, we decline to consider this matter on direct appeal. <u>See</u> <u>United States v. McAdory</u>, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings).

After reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal.  Accordingly, we grant counsel's motion to withdraw, we deny Sanders's motion, and we affirm the judgment of the district court.

_____