# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2995

———————

United States of America,     *
                               *

        Appellee,            *

                                *    Appeal from the United States

    v.                           *    District Court for the

                                *    Southern District of Iowa.

Barbara Jean Pacheco,       *

                                *

        Appellant.          *

———————

Submitted: March 18, 2011
Filed: June 13, 2011

———————

Before RILEY, Chief Judge, LOKEN and COLLOTON, Circuit Judges.

———————

RILEY, Chief Judge.

Barbara Jean Pacheco pled guilty to conspiring to distribute at least 500 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). The district court[1] denied Pacheco's motions to withdraw her guilty plea and sentenced her to a mandatory minimum 240 months imprisonment. Pacheco appeals, arguing "her mental state and the complexity of the plea negotiations prevented her from making a knowing and voluntary decision to accept the plea agreement and . . . enter a valid plea." We affirm.

———————

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

## I.   BACKGROUND

From 1999 through March 2007, Pacheco participated in a conspiracy to distribute methamphetamine in Council Bluffs, Iowa.  On July 16, 2008, a federal grand jury charged Pacheco with conspiracy to knowingly distribute at least 500 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii).  The district court set Pacheco's trial for October 14, 2008.

On the morning of October 14, 2008, the district court delayed the start of trial to enable Pacheco to continue plea negotiations with the government that began the night before.  Pacheco actively participated in the negotiations, making suggestions and discussing her options at length with her attorney, Jim K. McGough.  After several hours of negotiations, Pacheco signed a written plea agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(C), in which Pacheco agreed to plead guilty to conspiracy as charged in the fourth superseding indictment and receive a sentence of 240 months imprisonment.

Later that day, the district court convened a change-of-plea proceeding.  During the hearing, the district court questioned Pacheco under oath regarding her mental state and ability to understand her change of plea.  Pacheco advised the district court she did not suffer from any medical disorder or physical ailment that would interfere with her ability to understand her change of plea.  Denying any recent treatment for mental illness, Pacheco stated the medication she took for depression and arthritis pain did not affect her ability to understand her situation.  Pacheco also explained she had an opportunity to discuss her case completely with McGough and was "fully satisfied" with his representation.  During the plea hearing, Pacheco's husband entered the courtroom.  At Pacheco's request, the district court allowed Pacheco time to explain the details of her plea agreement to her husband.

After a detailed review of the plea agreement and a thorough discussion of the consequences of a guilty plea, Pacheco pled guilty. Based on its observations of Pacheco's demeanor, the district court found Pacheco was "fully competent and capable of entering an informed plea, that [Pacheco was] aware of the nature of the charges and the consequences of the plea and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense."

The next day, Pacheco left two telephone messages for McGough, the first advising him she wished to withdraw her plea, and the second telling him to disregard the first. On October 20, 2008, the district court received a letter from Pacheco dated October 14, 2008, requesting she be allowed to "pull [her] guilty plea" because McGough "would not listen" to her, "scar[ed]" her with the possibility of a life term, and "badgered" her to take the plea.

On October 22, 2008, Pacheco attempted suicide by hanging and fell into a coma. Pacheco responded to medical treatment and regained consciousness, but reports she is unable to recall the plea proceedings as a result of her brain being deprived of oxygen. On November 6, 2008, Pacheco formally moved to withdraw her plea, questioning her competence to enter her plea and requesting a psychological evaluation. In light of Pacheco's suicide attempt, McGough speculated Pacheco's erratic behavior before pleading guilty, which he first attributed to nerves, may have warranted suspending or cancelling the hearing and requesting a psychological evaluation.[2]

On December 3, 2008, the district court appointed psychiatrist Michael J. Taylor, M.D., as an expert for the court to (1) evaluate Pacheco's mental status for the

---

[2]McGough anticipated a challenge to his representation, so the district court permitted him to withdraw and appointed Alfredo Parrish to represent Pacheco.

period surrounding her guilty plea, and (2) assist the district court in determining if Pacheco was competent to understand and assist in future proceedings. Dr. Taylor interviewed Pacheco on January 24, 2009, and reviewed various documents, including a transcript of the plea hearing, the fourth superseding indictment, three letters Pacheco wrote to the district court, medical records from the jail and the hospital, and Pacheco's presentence investigation report (PSR).

Because Pacheco's reported memory loss made it more difficult to assess her competence on October 14, 2008, Dr. Taylor primarily relied on Pacheco's October 14, 2008 letter to the district court as "the only reliable information available to [him] upon which to assess [her] mental state on that date." Dr. Taylor diagnosed Pacheco as "suffering from major depressive disorder at the time she entered her plea," but determined her disorder was "relatively well treated at the time she entered her plea such that her major depressive disorder was not causing sufficient symptoms to impair her ability to knowingly and willingly enter a plea." Dr. Taylor concluded Pacheco (1) "possessed sufficient ability to consult with her lawyer with a reasonable degree of rational understanding, and had a rational as well as factual understanding of the proceedings against her," and (2) was "technically [c]ompetent to enter a plea on October 14, 2008."

On May 7, 2009, the district court authorized Pacheco to retain a second mental health expert. On June 2, 2009, Craig Rypma, Ph.D., a clinical psychologist, interviewed Pacheco and administered a series of psychological tests. In preparing his report, Dr. Rypma reviewed the indictment, two of the district court's orders, Pacheco's PSR, and a letter from Pacheco's new attorney. Dr. Rypma submitted a written report which diagnosed Pacheco with bipolar disorder mixed with psychotic features, psychoactive substance abuse, schizoid personality disorder, and borderline personality disorder. Dr. Rypma concluded "it is certainly reasonable to assume that Ms. Pacheco's current mental health represents justifiable cause to consider setting aside her plea of Guilty on October 14, 2008."

-4-

On September 3, 2009, the district court conducted an evidentiary hearing regarding Pacheco's motions[3] to withdraw her plea. The district court heard testimony from Pacheco, McGough, Dr. Rypma, and Dr. Taylor. Before testifying at the motion hearing, Dr. Rypma reviewed Pacheco's October 14, 2008 letter to the district court and Dr. Taylor's report. Dr. Rypma did not review the plea transcript or the plea agreement.

At the motion hearing, Dr. Rypma expanded his opinion to include Pacheco's mental state on October 14, 2008, and testified Pacheco could not have entered a knowing, voluntary, and intelligent plea because her bipolar disorder would have caused her difficulty fully understanding her rights and the nature and consequences of her guilty plea. In response to a question from the district court about Pacheco's state of mind and demeanor in responding to the district court's questions about the operative facts without hesitation or difficulty, Dr. Rypma opined Pacheco could answer questions and appear to respond accurately, but actually not "even [be] thinking about what she was saying at the time."

On January 14, 2010, the district court denied Pacheco's motions to withdraw her plea, finding Pacheco was competent to enter her guilty plea and she failed to demonstrate a fair and just reason for withdrawal. On September 3, 2010, the district court, pursuant to the plea agreement, sentenced Pacheco to 240 months imprisonment. Pacheco appeals.

## II.    DISCUSSION

### A.    Standard of Review

"A guilty plea is a solemn act not to be set aside lightly." United States v. Bowie, 618 F.3d 802, 810 (8th Cir. 2010) (quoting United States v. Davis, 583 F.3d 1081, 1089 (8th Cir. 2009) (internal quotation marks omitted)). "A defendant may

---

[3]On July 24, 2009, Pacheco filed a second motion to withdraw her guilty plea.

withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Id. (quoting Fed. R. Crim. P. 11(d)(2)(B)). "We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion." Id.

### B. Mental Status

Pacheco asserts the district court "abused its discretion when it found that Ms. Pacheco was competent to enter her plea, or in the alternate, if she was competent, that her questionable mental state did not provide a fair and just reason for withdrawal of her plea." We review the district court's finding that Pacheco was competent at the time of her plea for clear error. See United States v. Murphy, 572 F.3d 563, 569 (8th Cir. 2009). "A defendant is competent if [she] possesses a sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings." Id. (quoting United States v. Martinez, 446 F.3d 878, 881 (8th Cir. 2006) (internal marks omitted)). "The district court's determination of the defendant's competency may include numerous factors, such as 'expert medical opinions and the court's observation of the defendant's demeanor.'" Id. (quoting Martinez, 446 F.3d at 881).

"Even if suffering from a disease, a defendant's plea is valid if the record demonstrates that [s]he understood the charges against [her], was not dissatisfied with the services rendered by [her] attorney, and entered [her] plea knowingly and voluntarily." Id. (quoting United States v. Rollins, 552 F.3d 739, 741-42 (8th Cir. 2009) (internal quotation marks omitted)). "Whether a plea was knowing and voluntary is a mixed question of fact and law that we review de novo." Id. (quoting United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998) (internal marks omitted)).

The district court did not err in concluding Pacheco was competent and entered her plea knowingly and voluntarily. Through the course of an extensive plea colloquy that Pacheco admits "followed the letter of [Fed. R. Crim. P.] 11(b)" for considering

and accepting a guilty plea, the district court duly evaluated Pacheco's denial of any mental impairment and closely scrutinized her demeanor and ability to answer questions without hesitation or difficulty. Pacheco confirmed she was able to understand the nature and consequences of pleading guilty and actively discussed the details of her plea and sentence with the district court and McGough. As the district court observed, "Nothing about [Pacheco's] demeanor or conduct caused the [district court] to have reservations about taking [her] plea."

The district court's assessment of Pacheco and her plea finds support in Dr. Taylor's credible conclusion that Pacheco was able to consult with McGough "with a reasonable degree of rational understanding, and had a rational as well as factual understanding of the proceedings against her." The district court cited several compelling reasons for crediting Dr. Taylor's "more scientifically based" conclusion that Pacheco was competent, as opposed to Dr. Rypma's contrary opinion, including Dr. Rypma's (1) failure to review the plea agreement, plea transcript, and Pacheco's October 14, 2008 letter in forming his initial opinion, relying instead on evaluative testing conducted long after Pacheco's plea and subsequent memory loss, (2) questionable diagnosis of bipolar disorder in the absence of any evidence Pacheco had suffered a manic episode—an "essential feature" of the disease, and (3) unpersuasive explanation why his opinion conflicted with the district court's observations of Pacheco at the plea hearing. Because the district court's detailed assessment and credible medical evidence support the district court's conclusions that Pacheco was competent and knowingly and voluntarily entered her plea, the district court did not abuse its discretion in finding Pacheco's mental state did not constitute a fair and just reason for withdrawing her guilty plea.

## C. Legal Representation

Pacheco also contends McGough's performance and the circumstances of Pacheco's plea negotiations provided fair and just reason for withdrawal of her guilty plea. "Defense counsel's performance can serve as the requisite fair and just reason

for withdrawal of a guilty plea only if a defendant demonstrates both that his attorney's performance was deficient and that he was prejudiced by it." Murphy, 572 F.3d at 568 (quoting United States v. McMullen, 86 F.3d 135, 137 (8th Cir. 1996) (internal marks omitted)).

We agree with the district court that the record does not support finding McGough's performance was somehow coercive or prejudicially deficient. Pacheco simply provides no support for her claim that she was "badgered" or forced to plead guilty. To the contrary, at her plea hearing, Pacheco specifically denied anyone had "attempted to force [her] to plead guilty" and stated she was "fully satisfied" with McGough's representation. McGough's frank assessment of Pacheco's situation may have justifiably caused Pacheco concern in making a difficult decision, but it was warranted by the circumstances. The stress arising from an imminent trial and the potential of a lengthy loss of liberty naturally creates pressure even in the most competent person.

As for Pacheco's assertion that McGough was deficient in failing to seek a psychological evaluation, McGough testified he understood the evaluation procedure, but determined there were insufficient grounds to request an evaluation. McGough's conclusion Pacheco was competent to plead guilty on October 14, 2008, is consistent with the district court's and Dr. Taylor's evaluations and is otherwise supported by the record. McGough's performance was not prejudicially deficient under the circumstances, and the district court did not abuse its discretion in denying Pacheco's motions to withdraw her guilty plea.

III.   CONCLUSION
We affirm the judgment of the district court.

_____