# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-1239

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota |
| Earl Matthew Bordeaux, Jr., | * | |
| | * | [PUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: October 19, 2011
Filed:  March 27, 2012

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Earl Matthew Bordeaux, Jr. pled guilty to one count of structuring financial transactions and was sentenced to thirty months in prison.  He now appeals that sentence, arguing that the district court[1] committed both procedural and substantive error.  We find no error and affirm the district court's sentence.

_____

[1]The Honorable Roberto Antonio Lange, United States District Judge for the District of South Dakota.

## I. Background

Bordeaux was charged with fourteen counts and pled guilty to one count of structuring financial transactions, in violation of 31 U.S.C. § 5324(a)(3). His co-conspirator Archie Baumann was charged with the same crime and sentenced as the leader of the conspiracy. Pursuant to a plea agreement, Bordeaux pled guilty to one of the counts with which he was charged, and the government dismissed the remaining counts against him. Based on the pre-sentence report (PSR), the district court assigned Bordeaux an adjusted offense level of seventeen. Bordeaux's criminal history category was III, and the Guidelines range for his sentence was thirty to thirty-seven months' imprisonment.

Bordeaux moved for a downward departure based on a number of factors. These included Bordeaux's military service in Vietnam, his resultant post-traumatic stress disorder, health problems stemming from Agent Orange exposure, and a history of alcoholism and substance abuse. Bordeaux, who is a member of the Rosebud Sioux Tribe, attended college and used this education to serve his tribe by writing grants and serving the community. The motion also discussed Bordeaux's age (fifty-six) and his health problems, including diabetes, high blood pressure, gum disease, and the fact that he had a heart attack at age twenty-two. Finally, the motion discussed several attributes of Bordeaux's crime. First, it claimed that Bordeaux only minimally profited from his offense, which was non-violent. Second, it claimed that Bordeaux's role in the scheme was minor.

The district court denied Bordeaux's motion for a downward departure and instead sentenced him at the bottom of the Guidelines range, to thirty months' imprisonment. The court also gave Bordeaux two years' supervised release and imposed a $100 assessment. In justifying the length of Bordeaux's sentence, the court said:

The Court does not consider age or health under these circumstances to be outside the heartland to merit a downward departure. Mr. Bordeaux is 56. He does have some health issues, but they aren't—when one compares them to Mr. Baumann—of the nature that would merit the court departing downward.

Mr. Bordeaux has served his country and his tribe. Although the work as a conduit for bribes is a disservice to both his country and his tribe, but in his military service and in his work with his tribe he has served the country and tribe.

The Court's thought is that a sentence at the low end, the very low end of the guideline range is appropriate here of 30 months. The Court has considered the sentencing factors found at 18 United States Code Section 3553(a), as well as the guidelines and believes that a sentence at the low end of the guidelines is sufficient, but not more than necessary to serve the purposes of the statute and is appropriate under these circumstances.

Following the sentencing, Bordeaux appealed to this court.

## II. Discussion

### A. Procedural Error

Because Bordeaux did not object at the sentencing hearing, we review his sentencing for plain error. United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009). To show plain error, Bordeaux "must prove that (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights." Id. (citing United States v. Olano, 507 U.S. 725, 732 (1993)). A district court can commit procedural error by "'failing to calculate (or improperly calculating) the Guidelines range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'"

-3-

United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 51 (2007).

Bordeaux argues that the district court committed procedural error in four ways: (1) it failed to adequately consider Bordeaux's military service and PTSD, (2) it relied too heavily on comparisons between the health of Bordeaux and that of Baumann, (3) it failed to distinguish between a downward departure and a downward variance, and (4) it failed to adequately explain the sentence and the reasons for declining to grant a downward variance.

The district court did not commit procedural error. First, the district court adequately considered Bordeaux's military service and PTSD. At the sentencing hearing, the court noted Bordeaux's military service and his service to his community. It also noted that Bordeaux suffered from PTSD and poor health. It is thus clear that the district court was aware of these factors and considered them at sentencing. See Rita v. United States, 551 U.S. 338, 358–59 (2007) (noting that, although it was brief, the record was sufficient to show the district court understood the arguments for a downward departure but found them insufficient to merit a reduced sentence).

Second, the district court's comparison between Bordeaux's and Baumann's health did not constitute procedural error. At the time of sentencing, Baumann suffered from terminal cancer. This is the type of "extraordinary physical impairment" for which the sentencing Guidelines allow a downward departure. See U.S.S.G. § 5H1.4. The district court did not clearly err in finding Bordeaux's health problems were not of the extraordinary nature necessary to merit a downward departure.

Third, the district court did not fail to distinguish between a departure and a variance. Rather, it correctly identified possible bases for a departure, age and health, but did not find that they warranted a reduced sentence. Cf. United States v. Chase,

-4-

560 F.3d 828, 831 (8th Cir. 2009) (holding that the district court erred by confusing departure with variance and on that basis denying a motion for a downward variance).

Finally, the court adequately explained the sentence it imposed and its reasons for denying both a downward departure and a variance. It noted that Bordeaux's age and health were not "outside of the heartland to merit a downward departure," and commented that although Bordeaux had served his country and tribe, his "work as a conduit for bribes is a disservice to both his country and his tribe." Though the explanation was not lengthy, "we do not require lengthy explanations from district courts in [sentencing], especially when courts elect to impose within-range sentences." United States v. Clark, 563 F.3d 722, 725 (8th Cir. 2009). See also United States v. Jones, 509 F.3d 911, 915–16 (8th Cir. 2007); United States v. Lee, 553 F.3d 598, 600 (8th Cir. 2009).

## B. Substantive Error

After determining that a sentence is free from procedural error, we review the substantive reasonableness of sentences for abuse of discretion. United States v. Burns, 577 F.3d 887, 893 (8th Cir. 2009). "On review, sentences within the advisory Guidelines range . . . are presumptively reasonable." United States v. Solis-Bermudez, 501 F.3d 882, 884 (8th Cir. 2007). Here, the district court sentenced Bordeaux at the bottom of the Guidelines range, after taking into account various factors such as Bordeaux's service, health, age, and role in the crime. Bordeaux points to the same issues in arguing that his sentence is substantively unreasonable as he did to argue against its procedural soundness. However, none of these factors support a finding that his sentence was substantively unreasonable.

We affirm the judgment of the district court.

_____