# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2120

_____

United States of America

*Plaintiff - Appellee*

v.

Juan Colbert

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 14, 2023
Filed: August 9, 2023

_____

Before SMITH, Chief Judge, STRAS and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

     After pleading guilty to being a felon in possession of a firearm, Juan Colbert learned that the detective who testified at his suppression hearing had been indicted

for crimes related to an on-duty shooting. The district court[1] denied Colbert's motion to withdraw his plea based on this discovery, and we affirm.

## I.

Kansas City Police Department Detective Eric DeValkenaere got a report that Colbert had assaulted a woman and was driving her car. After tracking Colbert down, DeValkenaere and two other detectives ordered Colbert out and arrested him. The woman consented to a search of her car, which turned up a gun and a black bag containing ammunition.

Colbert was charged with being a felon in possession of a firearm and later moved to suppress the evidence from the car search. At a suppression hearing, DeValkenaere testified to the events described above. At a post-hearing conference, Colbert said that he wanted to suppress both the gun and the contents of the bag. The Magistrate Judge said that she intended to deny the motion with respect to the gun but had not decided about the bag.

Colbert pleaded guilty before the Magistrate Judge issued a report and recommendation on his motion. A few months after the plea, a state grand jury indicted DeValkenaere for involuntary manslaughter and armed criminal action in connection with an on-duty shooting that happened before the suppression hearing. The Government eventually turned over records on DeValkenaere, which suggested that he unlawfully entered the property where the on-duty shooting happened. The records also revealed a 2006 state court suppression ruling, which found that DeValkenaere's testimony was not credible and that he had violated a witness's *Miranda* rights.

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

Colbert moved to withdraw his guilty plea, arguing that the Government's failure to disclose information about DeValkenaere affected his decision to plead guilty and his ability to fully litigate his suppression motion. The district court denied the motion, concluding that he lacked a fair and just reason for withdrawal. The court found that Colbert had misapprehended the quality of the Government's case and reasoned, in relevant part, that "[t]he impeachment information simply improve[d] [Colbert's] chances, by a small degree, that the motion to suppress might have been granted." Colbert appeals.

## II.

"When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. Watson*, 883 F.3d 1033, 1037 (8th Cir. 2018) (citation omitted). But a defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "Whether a plea was knowing and voluntary is a mixed question of law and fact that we review *de novo*." *United States v. Green*, 521 F.3d 929, 931 (8th Cir. 2008). "We review the court's decision to deny a motion to withdraw for abuse of discretion." *Id.*

Colbert argues that the Government's failure to disclose the information about DeValkenaere at the suppression stage rendered his plea involuntary and, separately, constituted a fair and just reason for withdrawal. We disagree.

First, Supreme Court precedent forecloses Colbert's involuntariness argument. In *United States v. Ruiz*, the Court concluded that the Constitution did not require the Government to turn over impeachment information before a defendant pleaded guilty, explaining that "impeachment information is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary*." 536 U.S. 622, 629 (2002). Simply put, the Government's non-disclosure of information about DeValkenaere did not affect the voluntariness of Colbert's plea.

Second, the district court did not abuse its discretion when it concluded that Colbert lacked a fair and just reason for withdrawal. In general, "a guilty plea waives all suppression issues not expressly reserved by a conditional plea." *United States v. McHenry*, 849 F.3d 699, 706 (8th Cir. 2017) (cleaned up). Colbert made a conscious decision to unconditionally plead guilty and waive his ability to relitigate suppression-related issues. His "belated desire" to reargue a suppression issue "is not [a] fair and just reason warranting the withdrawal" of his guilty plea. *Id.* (citation omitted).

Plus, the information Colbert discovered about DeValkenaere would have, as the district court suggested, only marginally improved Colbert's chances of winning his suppression motion. The material was only indirectly related to his case, amounting to weak propensity evidence that DeValkenaere, as in prior situations, violated Colbert's rights here. All told, the district court didn't abuse its discretion when it denied Colbert's motion.[2]

## III.

We affirm the judgment of the district court.

_____

_____

[2]We need not decide whether *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972), apply at the suppression stage. Even if they did, Colbert pleaded guilty before the district court formally ruled on his suppression motion, meaning he cannot show that there "is a reasonable probability that, had [the evidence] been disclosed" to him, "the result of the [suppression] proceeding would have been different." *United States v. Primm*, 63 F.4th 1186, 1192 (8th Cir. 2023) (citation omitted).