# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1828
_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Garret Roads

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: January 11, 2024
Filed: April 4, 2024
_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.
_____

ERICKSON, Circuit Judge.

This Court previously vacated Jeffrey Roads's sentence and remanded to the district court to conduct an evidentiary hearing to determine whether former defense counsel's conflict of interest may have affected Roads's substantial rights. United States v. Roads, No. 20-3410, 2021 WL 5561023, at *1 (8th Cir. 2021) (unpublished). In its prior opinion, the Court noted the district judge's recusal may be warranted but left that decision to the district court's discretion. Id.

Approximately a month after the mandate was issued, Roads's case was reassigned to a different judge in the district. Several weeks later, an Assistant United States Attorney from the District of Nebraska entered his appearance and later the United States Attorney's Office for the Southern District of Iowa formally withdrew from Roads's case. The district court[1] denied Roads's motion for disclosure of information to assess grounds for disqualification and recusal, denied Roads's motion for recusal and reassignment to a judge outside the Southern District of Iowa, and denied Roads's motion to withdraw his guilty plea. The district court re-sentenced Roads to the same sentence previously imposed, which was a total term of imprisonment of 324 months. Roads appeals the district court's decisions related to his motions to recuse and to withdraw his guilty pleas and also challenges the district court's application of a two-level obstruction enhancement at sentencing. We affirm.

## I. INTRODUCTION

After Roads pled guilty to transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1) (Count I), and accessing with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (Count II), he sat for a proffer interview. During the interview, he informed law enforcement officers that Justin Fletcher, another inmate who also had a pending case in the Southern District of Iowa, had made statements about hiring someone to harm several federal officials, including the district judge who at that time was assigned to preside over both Roads's and Fletcher's cases. Shortly before sentencing, Roads moved to recuse the district judge because of her status as a victim in Fletcher's case. Roads's motion was denied, he was sentenced, and he appealed. During the first appeal, the Court took no position on the district court's denial of Roads's motion to recuse or the issues Roads raised regarding his sentence.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

On remand, Roads filed a motion seeking disclosure of information regarding the relationships the judge now assigned to his case had with each of Fletcher's victims, and a motion seeking not only the judge's recusal but the recusal of all the judges in the district. The district judge denied both motions, explaining that her relationships with Fletcher's victims were solely professional. Roads also moved to withdraw his guilty pleas. After an evidentiary hearing, the district court denied the motion to withdraw.

At re-sentencing, the government asked the district court to apply a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. The government offered evidence that when law enforcement seized Roads's personal and work cell phones, Roads asked if he could delete something embarrassing off his phone and claimed he only remembered the passcode for one phone. Later that evening, Roads attempted to deactivate the application he used to access and distribute child pornography. The next day Roads provided to law enforcement the forgotten passcode, which was the same passcode used to access his other phone.

After finding the evidence was sufficient to support a two-level upward adjustment for obstruction of justice, the district court determined that Roads's advisory Sentencing Guidelines range was 360 to 480 months. The court considered the sentencing factors set forth in 18 U.S.C. § 3553(a) and recognized its authority to vary from the advisory Sentencing Guidelines range, to sentence Roads to the top of the statutory range, and to sentence Roads to fully consecutive imprisonment terms or impose a sentence at the statutory minimum of five years on the transportation charge. The district court sentenced Roads to a term of 240 months' imprisonment on Count I and a term of 240 months' imprisonment on Count II, to be served partially concurrent for 156 months and partially consecutive for 84 months, for a total term of imprisonment of 324 months. On appeal, Roads contends the district court (1) abused its discretion in denying his motion for disclosure of information related to recusal and in denying his motion for recusal; (2) erred in denying his motion to withdraw his guilty pleas; and (3) erred in applying the two-level obstruction enhancement.

## II.   DISCUSSION

### a.  Motions for Disclosure of Information and for Recusal

We review the district court's denial of a recusal motion for abuse of discretion.  Dossett v. First State Bank, 399 F.3d 940, 953 (8th Cir. 2005).  "Because a judge is presumed to be impartial, a party seeking recusal bears the substantial burden of proving otherwise."  United States v. Martinez, 446 F.3d 878, 883 (8th Cir. 2006).

After reciting the applicable standards and rules set forth in both the Code of Conduct for United States Judges and 28 U.S.C. § 455, the district court noted it did not need an invitation to make disclosures regarding disqualification or recusal because it was aware of its independent, *sua sponte* obligation to disclose any grounds for disqualification or recusal.  Because there were no grounds supporting disqualification, the district court found no disclosure was required.  Dissatisfied with the court's ruling, Roads then filed a motion for recusal and reassignment to a judge outside of the Southern District of Iowa.  He also took issue with the court's prior order declining to disclose information Roads had requested.  After noting the court was under no obligation to disclose information that did not provide grounds for disqualification, the court did more than it was required to do when it outlined its relationships with several individuals in response to Roads's assertion of untrue statements.  In conclusion, the court found that Roads's reasons for recusal were based on inaccurate "facts" and further explained: "Beyond mere speculation, Roads has not proffered any information suggesting the issue on remand—whether Roads's attorney operated under a conflict of interest affecting Roads's substantial rights— or any subsequent necessary proceedings are such that a reasonable person familiar with all relevant circumstances would conclude I could not be impartial."

Roads contends a reasonable person would question the court's impartiality solely because of the alleged personal relationships with federal officials or court employees who were threatened by Fletcher and the court's knowledge of those

threats. Notably, after the reassignment and withdrawals by counsel following our remand, no one involved in Roads's case has been threatened by Fletcher. Nothing about the district court's relationships with the people whom Fletcher threatened, which the court described as professional and limited to work hours and work-related activities, provides a basis for a reasonable person to conclude the district court could not be fair and impartial in Roads's case. That a different judge imposed the same sentence on remand does not demonstrate bias or partiality. Dossett, 399 F.3d at 953 (stating that adverse judicial rulings rarely "constitute a valid basis for recusal"). With no showing that the court had a relationship with any party in Roads's case that presented a conflict or basis that would cause a reasonable person to question the court's impartiality, we find no abuse of discretion in the denial of Roads's motion to recuse all judges in the Southern District of Iowa.

### b. Motion to Withdraw Guilty Plea

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Sharp, 879 F.3d 327, 332-33 (8th Cir. 2018). Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw his guilty plea by showing a "fair and just reason for requesting the withdrawal." "Defense counsel's performance can serve as the requisite 'fair and just reason' for withdrawal," United States v. McMullen, 86 F.3d 135, 137 (8th Cir. 1996), under the "two-part Strickland v. Washington test," Hill v. Lockhart, 474 U.S. 52, 58 (1985). This requires the defendant to "demonstrate[] both that his attorney's performance was deficient and that he was prejudiced by it." McMullen, 86 F.3d at 137.

Roads asserts that his attorney rendered deficient performance because his first attorney had a conflict of interest prior to Roads entering his guilty plea. "In this circuit, it is unclear whether this sort of alleged conflict of interest requires a defendant to show deficient performance and prejudice under Strickland v. Washington," Sharp, 879 F.3d at 333, or whether the defendant need only show that the conflict "adversely affected his lawyer's performance," Cuyler v. Sullivan, 446

U.S. 335, 348 (1980). Roads cannot satisfy either standard because his attorney's conflict did not arise until after Roads entered his guilty pleas.

Roads contends his attorney acted deficiently when he knew that Roads wanted to cooperate against Fletcher but did not negotiate a favorable plea agreement with the government. The district court credited Roads's attorney's testimony that he did not know Roads wanted to cooperate until three months after Roads rejected the government's plea offer. Roads rejected the government's plea offer dismissing the second count because he was "adamant" about his innocence, not because of a willingness to cooperate. Roads maintained his innocence even after the government made it clear that any resolution would require Roads to plead guilty to both counts. Roads only decided to plead guilty after the government shared previously undisclosed evidence. We generally do not disturb a trial court's credibility findings, see United States v. Moore, 212 F.3d 441, 446 (8th Cir. 2000), and will not do so in this case, especially when the record supports the findings.

An email from defense counsel to the prosecutor confirms that counsel was not aware Roads wanted to cooperate against Fletcher until February 10, 2020. Defense counsel notified the prosecutor of Roads's desire to cooperate the same day. Roads's sequence of events is further undercut by his affirmance at the change-of-plea hearing that he was satisfied with counsel's performance. United States v. Trevino, 829 F.3d 668, 672 (8th Cir. 2016) ("The failure to assert objections to counsel's performance at the change-of-plea hearing refutes any claim of ineffective assistance of counsel as a basis for withdrawing the plea."). The day after the change-of-plea hearing, defense counsel failed to accompany Roads to a proffer interview. It is at this point that a conflict of interest arose. Roads has failed to show a conflict of interest existed prior to his decision to plead guilty to both counts.

Roads also asserts that the prosecutors appearing at the change-of-plea-hearing had a conflict of interest because they knew he planned to cooperate against Fletcher. The prosecutors are too attenuated from the Fletcher threats to give rise to a conflict. Neither was a victim in Fletcher's or Roads's cases. State v. Iowa Dist.

Court for Dubuque Cnty., 870 N.W.2d 849, 857 (2015) (finding that a prosecutor "does not have a disqualifying conflict of interest" when he is not the victim). Only one attorney within the United States Attorney's Office for the Southern District of Iowa was a victim of Fletcher and he was not involved in Roads's prosecution. Roads has failed to present a fair and just reason for withdrawal of his pleas.

### c. Sentencing – Obstruction Enhancement

Lastly, Roads contends the district court erred in applying an obstruction of justice enhancement at sentencing. We review a district court's sentencing guidelines findings for clear error. United States v. Montes-Medina, 570 F.3d 1052, 1061 (8th Cir. 2009). We are deferential to the district court's application of the obstruction of justice enhancement and will reverse only when the district court's findings are insufficient. United States v. Cunningham, 593 F.3d 726, 730 (8th Cir. 2010).

The obstruction enhancement applies when a defendant willfully obstructs or attempts to obstruct the administration of justice with respect to the investigation or prosecution of the offense. U.S.S.G. § 3C1.1. Attempting to destroy material evidence qualifies as obstruction. Id. cmt. 4(D).

Before the enhancement may be applied, "[t]he district court must find the predicate facts supporting an enhancement for obstruction of justice by a preponderance of the evidence[.]" Montes-Medina, 570 F.3d at 1061. The evidence in the record shows that Roads was evasive with law enforcement about the contents and passcode of his phones and that he attempted to deactivate the application he used to send child pornography less than 24 hours after his phones were seized. The district court did not clearly err in finding these facts sufficient to apply the obstruction enhancement. It does not matter that the government ultimately accessed the application, as Roads argues, because the enhancement for destroying evidence applies equally to an attempt to destroy evidence. U.S.S.G. § 3C1.1; see United States v. Edwards, 820 F.3d 362, 365-66 (8th Cir. 2016).

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

_____