# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 25-1158

———————————————

United States of America

*Plaintiff - Appellee*

v.

Richard D. Sims

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Springfield

——————————

Submitted: December 19, 2025
Filed: March 30, 2026

——————————

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

——————————

KELLY, Circuit Judge.

Richard Sims pleaded guilty to five counts and a forfeiture allegation, all related to a conspiracy to distribute methamphetamine, without a plea agreement, and he was sentenced to 240 months of incarceration. Sims appeals the district

court's[1] denial of his motion to withdraw his plea and, alternatively, the length of his sentence. We affirm.

## I.

In October 2023, Sims entered his guilty plea. In February 2024, he filed a pro se motion to withdraw his guilty plea and he requested new counsel. The district court held a status conference in March, where Sims appeared in person, with counsel. Sims had recently received a draft of his Presentence Investigation Report and expressed confusion about the impact of his guilty plea on the recommended sentence. He told the court that he did not raise his concerns at the plea hearing because, after two brain surgeries, "I don't think clearly, Your Honor." When the court asked Sims if he had simply changed his mind about pleading guilty, however, Sims replied, "Well, no, sir, I didn't—yes, sir. Yes, sir." The district court denied Sims's request to withdraw his plea but granted his request for new counsel.

The case proceeded to sentencing in January 2025. Sims's undisputed advisory Guidelines range was 360 to life. The government asked for 360 months of incarceration; Sims requested 120 months, the statutory minimum. Sims reminded the court that he had accepted responsibility by pleading guilty to all counts against him, saving the government the time and resources of a trial. He emphasized his age and health problems, including his recent Stage 3 liver cancer diagnosis. The district court recognized that Sims's health conditions meant he "may never live outside of a jail again." But the court also expressed concern about Sims's extensive criminal history and the severity of the offense conduct. Ultimately, the district court varied downward from the Guidelines range, imposing concurrent sentences for a total of 240 months of incarceration.

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

II.

Sims appeals the denial of his motion to withdraw his guilty plea, arguing he did not understand the charges against him due to ineffective assistance of counsel and he was not competent to plead guilty. "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The 'fair and just' standard is a liberal standard, but it does not create an automatic right to withdraw a plea." United States v. Trevino, 829 F.3d 668, 671 (8th Cir. 2016) (quoting United States v. Wicker, 80 F.3d 263, 266 (8th Cir. 1996)). "We review the denial of a motion to withdraw a guilty plea for abuse of discretion." United States v. Roads, 97 F.4th 1133, 1137 (8th Cir. 2024) (citing United States v. Sharp, 879 F.3d 327, 332–33 (8th Cir. 2018)).

We decline to reach Sims's argument based on a claim of ineffective assistance of counsel. "Defense counsel's performance can serve as the requisite 'fair and just reason' for withdrawal under the two-part Strickland v. Washington[2] test[.]" Roads, 97 F.4th at 1137 (citation omitted). However, such claims are generally reserved for post-conviction proceedings. See Trevino, 829 F.3d at 673. Sims asserted generally that his attorney had not "explained [any]thing to [him]," but there is no factual record to support an assertion of ineffective assistance of counsel.[3] In these circumstances, the claim is best addressed in collateral proceedings where a factual record may be developed. Id. (citations omitted).

Sims also contends that his medical conditions rendered him incompetent at the time of the plea hearing, such that his plea was not knowingly and voluntarily made. See Fed. R. Crim. P. 11(b)(2) ("Before accepting a plea of guilty . . . the court must address the defendant personally in open court and determine that the plea is

---

[2]Strickland v. Washington, 466 U.S. 668 (1984).

[3]Sims also raised general concerns about appointed counsel in the context of his motion for new counsel, but no factual record was developed there, either.

voluntary[.]"). "[A]n incompetent defendant may not make a valid guilty plea." United States v. Premachandra, 32 F.3d 346, 347 (8th Cir. 1994) (citations omitted). "Whether a plea was knowing and voluntary is a mixed question of law and fact that we review *de novo*."[4] United States v. Colbert, 76 F.4th 1039, 1041 (8th Cir. 2023) (quoting United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008)). A defendant's Rule 11 plea colloquy is a touchstone in this analysis. See United States v. Pacheco, 641 F.3d 970, 974 (8th Cir. 2011). This basis for withdrawal of his guilty plea is sufficiently developed for our review.

Sims's "extensive plea colloquy . . . followed the letter of Rule 11(b) for considering and accepting a guilty plea." See Pacheco, 641 F.3d at 974 (citation modified). The district court confirmed Sims understood each charge and its corresponding sentence range. Sims told the court when he did not understand something that had been said, and he requested—and was granted—additional time to speak with his attorney off the record. Thereafter, Sims lodged an objection to a factual assertion he disputed. The court verified that Sims had spoken with counsel about the charges and consequences of his guilty plea, and Sims acknowledged that the decision to plead guilty was "probably the most important decision [he] ever made in [his] life." At the conclusion of the hearing, the district court found that Sims was competent to enter a guilty plea to each charge. See Pacheco, 641 F.3d at 974 (affirming a district court's competency determination where the defendant "was able to understand the nature and consequences of pleading guilty and actively discussed the details of her plea and sentence with the district court and [her attorney]").

Despite this record, Sims asserts the district court should have ordered a competency evaluation based on the information available at the time of the plea hearing, including Sims's statements that he had cancer, was nearly blind, and had hearing difficulties. "[A] competency determination is necessary only when a court

---

[4]Nonetheless, we still "review the court's decision to deny a motion to withdraw [a guilty plea] for abuse of discretion." Colbert, 76 F.4th at 1041 (quoting Green, 521 F.3d at 931).

has reason to doubt the defendant's competence." United States v. Luscombe, 950 F.3d 1021, 1028 (8th Cir. 2020) (quoting United States v. Reed, 668 F.3d 978, 986 (8th Cir. 2012)). "In reviewing the district court's decision not to hold a competency hearing, we consider whether any party requested a competency evaluation of the defendant, whether the district court's observations of the defendant suggested a need for a hearing, whether the district court actually made a finding as to the defendant's competency, and whether the defendant suffers from a mental illness." Id. at 1029 (citation modified).

Sims identifies various points during the plea hearing when he expressed confusion or lack of understanding about the scope or consequences of his guilty plea, including the likely sentence he faced. And he told the court that, because of his health issues, it was difficult for him to "think clearly." Sims's medical problems are undeniably significant. But at the hearing, he affirmed that he "mentally underst[oo]d that [he was] pleading guilty to serious felonies," despite his "physical ailments." See Pacheco, 641 F.3d at 974 ("[T]he district court duly evaluated [the defendant's] denial of any mental impairment and closely scrutinized her demeanor and ability to answer questions without hesitation or difficulty."). No party requested a competency evaluation or hearing. And the district court's observations did not otherwise suggest the need for either. On this record, the court did not err in failing to initiate competency proceedings.

We affirm the district court's denial of Sims's motion to withdraw his guilty plea, leaving any claim of ineffective assistance of counsel for post-conviction proceedings.

## III.

Sims next argues that the district court abused its discretion by imposing a substantively unreasonable sentence because it did not adequately account for his significant mental and physical health conditions. "We review the substantive reasonableness of a sentence 'under a highly deferential abuse-of-discretion

-5-

standard.'" United States v. Madrigal, 136 F.4th 766, 777 (8th Cir. 2025) (quoting United States v. Jones, 71 F.4th 1083, 1086 (8th Cir. 2023)). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. at 777–78 (citation modified) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)).

Sims's health is a relevant sentencing factor. 18 U.S.C. § 3553(a)(1)–(2); cf. United States v. Bordeaux, 674 F.3d 1006, 1009 (8th Cir. 2012) (per curiam) (recognizing terminal cancer as an "extraordinary physical impairment" for purposes of a departure under USSG § 5H1.4). And the district court properly considered Sims's health and prognosis in reaching the sentence it ultimately imposed:

> [T]here are some other considerations that we're allowed to consider. One is your health, and your age. I don't mean to be pessimistic or negative, but I don't know if there's a difference for you between a life sentence and a 360-month sentence and a 300-month sentence and as you even acknowledged, maybe even a ten-year sentence. You may never live outside of a jail again given your health conditions and situation. That's not a crime, that's just part of getting—part of life. But I will consider those in determining what your sentence should be.

"The district court has discretion to rely more heavily on some sentencing factors than others, and a defendant challenging the district court's sentence must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." United States v. Long, 906 F.3d 720, 727 (8th Cir. 2018) (citations omitted). Sims fails to meet that burden here. The district court concluded there was "nothing about [Sims's] criminal background nor the crimes [he] committed here that . . . would justify a lower sentence. [Sims was] selling a huge quantity of meth, one of the largest quantities [the district court] can remember." While another sentencing court may have balanced the factors differently, we discern no abuse of discretion in how the district court weighed

Sims's aggravating factors against his mitigating ones to reach a below-range sentence.

IV.

For the foregoing reasons, we affirm.

_____